﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190624-12744
DATE: June 16, 2020

ORDER

Service connection for a right shoulder disability is denied.

FINDING OF FACT

A right shoulder disability was not manifest in service and is unrelated to service.

CONCLUSION OF LAW

The criteria to establish connection for a right shoulder disability have not been met. 38 U.S.C. §§ 1110, 1111, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(a) (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from October 1991 to October 1995, and from February 2003 to April 2004.

This matter comes before the Board from a March 2019 rating decision by the agency of original jurisdiction (AOJ). In June 2019, the Veteran opted to appeal the denial of service connection for a right shoulder disability directly to the Board. 

Following issuance of the March 2019 rating decision, the Veteran submitted a November 2012 record from a private physician. This evidence was submitted during a period when new evidence was not allowed. As the Board is deciding the claim of entitlement to service connection for a right shoulder disability, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service connection for a right shoulder disability

Entitlement to VA compensation may be granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C. §§ 1110 (wartime service), 1131 (peacetime service); 38 C.F.R. § 3.303.

To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”-the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). However, “[a] determination of service connection requires a finding of the existence of a current disability and a determination of a relationship between that disability and an injury or disease incurred in service.” Watson v. Brown, 4 Vet. App. 309, 314 (1993).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. 38 C.F.R. § 3.303(b). If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. Continuity of symptomatology is required only where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. A decision of the U. S. Court of Appeals for the Federal Circuit (Federal Circuit), however, clarified that this notion of continuity of symptomatology since service under 38 C.F.R. § 3.303(b), which as mentioned is an alternative means of establishing the required nexus or linkage between current disability and service, only applies to conditions identified as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Service treatment records for the Veteran’s initial period of service are negative for any diagnosis, complaint, or abnormal finding referable to his right shoulder. During his second period of active service, the Veteran complained of left shoulder pain in February 2004. He indicated that he had experienced pain for six months. X-ray imaging at that time revealed no evidence or arthritic, inflammatory, or traumatic change. The joints were unremarkable. The impression was normal left shoulder.

The Veteran was seen by a VA provider in October 2004 to establish care. He reported a history of right shoulder tenderness for the previous year and associated it with weightlifting. However, the remainder of this record refers to the Veteran’s left shoulder, the impression being chronic left shoulder pain, rule out calcific tendinitis. 

The Board concludes that, while the Veteran has complained of right shoulder symptoms, the preponderance of the evidence weighs against finding that a right shoulder disability began during service or is otherwise related to an in-service injury, event, or disease. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d).

To the extent that the Veteran asserts that he has a right shoulder disability that is related to service, the Board observes that he may attest to factual matters of which he has first-hand knowledge, such as subjective complaints, and that his assertions in that regard are entitled to some probative weight. He is competent to report incidents and symptoms in service and symptoms since then. He is not, however, competent to render an opinion as to the cause or etiology of his right shoulder symptoms because he does not have the requisite medical knowledge or training, and because this matter is beyond the ability of a lay person to observe. 

The grant of service connection requires competent evidence to establish the presence of a disability and, as in this case, to relate that disability to the Veteran’s service. While the record shows complaints referable to the Veteran’s right shoulder, it does not contain reliable evidence which relates this claimed disability to any incident of service. 

For these reasons, the Board concludes that the claim of entitlement to service connection for a right shoulder disability must be denied, as the preponderance of the evidence is against the claim. The doctrine of reasonable doubt is not applicable in the instant appeal. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

MICHAEL LANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Barone, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.